JEROME SCHWARTZ, an Infant under the Age of 14 Years, by His Guardian ad Litem, DAVID SCHWARTZ, and DAVID SCHWARTZ, Appellants, v. RANDFORCE AMUSEMENT CORPORATION, Respondent.— Action to recover damages for personal injuries sustained by the infant plaintiff when a piece of motion picture film in his pocket was set on fire by another boy. The film is alleged to have been procured from in front of defendant's theatre on the day previous to the fire. Companion action for medical expenses and loss of services. Judgment dismissing the complaint unanimously affirmed, with costs. No opinion. Present — Lazansky, P. J., Hagarty, Carswell, Johnston and Adel, JJ.

JENNIE SILVERMAN, Respondent, v. MAX SILVERMAN, Appellant.— In an action for separation, defendant, on March 3, 1941, was personally served with the summons and complaint, together with a notice of motion and affidavits in support of plaintiff's motion for temporary alimony and counsel fee. The motion was returnable on March 10, 1941, when defendant appeared specially and opposed the application on the sole ground that the court did not acquire jurisdiction of the defendant in that he did not receive adequate and timely notice of the application, as required by rule 60 of the Rules of Civil Practice. The Special Term " of its own instance " adjourned the motion to March 12, 1941, and on the adjourned date defendant renewed his motion to dismiss on the ground originally advanced. Defendant's motion was denied and plaintiff's motion granted. Order reversed on the law and the facts, without costs, defendant's motion to dismiss granted, without costs, and plaintiff's motion for alimony and counsel fee denied, without costs and without prejudice to a renewal of her application. It is conceded that plaintiff gave defendant only seven instead of eight days' notice of her application for alimony and counsel fee. This did not comply with rule 60 of the Rules of Civil Practice, and, therefore, the Special Term did not acquire jurisdiction and the order was void. (*Palmer* v. *Rotary Realty Co., Inc.*, 233 App. Div. 764.) Lazansky, P. J., Carswell, Johnston, Adel and Taylor, JJ., concur.

EDNA S. WILLIAMS, Appellant, v. NATIONAL CASUALTY COMPANY, Respondent. —Appeal from an order denying plaintiff's motion for summary judgment in an action on a health and accident insurance policy involving the effect of a reinstatement of the policy after default. Order affirmed, with ten dollars costs and disbursements. (See *MacDonald* v. *Metropolitan Life Ins. Co.*, 304 Penn. St. 213.) Lazansky, P. J., Carswell, Johnston, Adel and Taylor, JJ., concur. [175 Misc. 268.]

BROOKLYN BUREAU OF CHARITIES, BROOKLYN CHILDREN'S AID SOCIETY, BROOKLYN FREE KINDERGARTEN SOCIETY, BROOKLYN HOME FOR CHILDREN, THE BROOKLYN ASSOCIATION FOR IMPROVING THE CONDITION OF THE POOR, CHARITY ORGANIZATION SOCIETY OF THE CITY OF NEW YORK, THE CHILDREN'S AID SOCIETY, LENOX HILL HOSPITAL, ST. JOHN'S GUILD, THE MOUNT SINAI HOSPITAL OF THE CITY OF NEW YORK, WYCKOFF HEIGHTS HOSPITAL SOCIETY OF BROOKLYN, N. Y., GERMAN EVANGELICAL CHURCH and MARIEN-HEIM OF BROOKLYN, Respondents, v. MANUFACTURERS TRUST COMPANY, Appellant, and EDWARD A. CARTER and Others, Defendants.— On consent of the parties, the order appealed from is unanimously reversed, without costs, and motion granted, without costs, unless the plaintiffs, at least thirty days before the trial of this action, serve upon appellant's attorneys a verified bill of particulars of such actual oral notice, as demanded in appellant's demand for a bill of particulars as to items 19, 27, 28 and 29. Lazansky, P. J., Hagarty, Adel, Taylor and Close, JJ., concur.