In the Matter of IRVING GLASSER, Petitioner.
FIRST BELZER BESSARABIER SICK BENEVOLENT ASSOCIATION,
Respondent.

Supreme Court, Special Term, Kings County, December 18, 1942.

*Noah Goldstein* for petitioner.

*Samuel Burstein* for respondent.

NORTON, J. Application to disinter the remains of petitioner's wife and son and rebury them in a recently acquired private family plot in the same cemetery. The wife died on June 20, 1942, and the son died on January 20, 1935. Both bodies were interred in Beth David Cemetery, Elmont, Long Island, in plottage owned by the First Belzer Bessarabier Sick Benevolent Association, of which organization petitioner never was and is not now a member. Petitioner states that it was his wife's dying wish to be buried alongside of her son; and since she was not so buried, he purchased a private family plot in the same cemetery so that he might have the bodies disinterred and buried alongside of each other. The father and mother of petitioner's deceased wife, as well as the other remaining issue of the petitioner and his deceased wife, join in the prayer for the relief sought. It does not appear whether or not the son is of full age. Notice of the application has been given to the owners of the Beth David Cemetery and to First Belzer Bessarabier Sick Benevolent Association, which does not appear to be a religious corporation. The latter has appeared in opposition to the application, and raises a preliminary objection that this court lacks jurisdiction of the application because neither petitioner nor respondent resides or has a place of business in this county, and that the cemetery is located in Nassau County; and on the further ground that insufficient notice of the application was given, contrary to the requirements of section 89 of the Membership Corporations Law, pursuant to which this proceeding is instituted. On the merits, it opposes the application for the reason that its cemetery plottage is consecrated ground in accordance with orthodox Hebrew law; that its plots are so apportioned for interment that males and females are segregated; that petitioner, as well as petitioner's wife, knew this to be so and, therefore, the wish of the petitioner's wife could not be that " she be buried next to her son " but that " she be buried in the same cemetery as her son." It further claims that besides desecrating its cemetery, disinterment would cause irreparable damage by leaving vacant

and useless spots, and the uniformity, symmetry and esthetic value of the cemetery would be destroyed and impaired, and that the burials were intended to be permanent. It asserts that it is opposing this application as a duty to protect the observance of its faith and the concepts of its organization as well as to safeguard the rights of the deceased and its members.

There is cited for authority by the respondent the Shoolchan Aruch-Yoreh Deiah (2 Jewish Ecclesiastical Law, ch. 363, subd. A [a literal translation from the Hebrew of the quoted citation is found in *Matter of Katz*, 167 Misc. 301, at 304]).

The jurisdictional objection is not well taken as the Supreme Court's jurisdiction embraces the entire State. If the objection is as to the venue, that was waived by the objector's not appearing specially for the purpose of transferring the proceeding to the proper county and serving a demand under rule 146 of the Rules of Civil Practice; and while section 89 of the Membership Corporations Law requires at least eight days' notice of this application, and only five days' notice was given, this, too, was waived by the general appearance of the objector. Except for the consent of the owners of the plot, petitioner meets all requirements of section 89 of the Membership Corporations Law. That the son may not be of full age is immaterial, for, if he is not of full age, his consent is unnecessary. Neither version of the deceased wife's wish meets the conditions of the Shoolchan Aruch-Yoreh Deiah, under which a body may be disinterred. Petitioner, however, invokes the aid of equity; and since the ecclesiastical law is not part of the law of this State, the right to disinter must be determined upon equitable grounds. (*Cohen* v. *Congregation Shearith Israel,* 114 App. Div. 117, affd. 189 N. Y. 528.) No specific agreement not to disinter exists between the objector and the petitioner, nor is any specific rule promulgated by the objector against disinterment. The petitioner seeks to remove the bodies from consecrated ground and rebury them in consecrated ground. Motions of this character rest within the discretion of the court and are governed by equitable principles.

Considering all of the circumstances involved herein, I am of the opinion that the relief sought should be granted.