DAVID SCHOENBERG, Claimant, *v.* STATE OF NEW YORK, Defendant.
(Claim No. 32220.)

Court of Claims, August 5, 1954.

*Nathan L. Levine* for claimant.

*Nathaniel L. Goldstein, Attorney-General (Frank M. Noonan* of counsel), for defendant.

LAMBIASE, J. The State of New York has moved herein for (a) an order precluding claimant from offering any evidence in support of his claim by reason of his failure to comply with a demand by it for a bill of particulars; and (b) for an order precluding claimant from offering any evidence in support of his claim by reason of his failure to submit to an examination before trial by it.

The answering papers of claimant consist, among other things, of a cross motion for an order directing the State of New York by Peter B. Monoon to appear for an examination before trial as an adverse party, in accordance with the order of this court (SYLVESTER, J.), dated December 19, 1953, and to produce the records therein referred to, and it is further prayed for therein that the State of New York be stayed from any and all affirmative action until compliance with said order, and that this motion be referred to Judge SYLVESTER, one of the Judges of this court, he having made the aforesaid order dated December 19, 1953.

It appears from the State's notice of motion and moving papers on this application that said papers were served by mail by the Attorney-General upon the claimant's attorneys on June 4, 1954. The motion was made returnable on June 14, 1954, at 2:00 P.M. in the city of Buffalo, New York. The question of the adequacy of the service having been raised by claimant's attorneys, we must dispose of the same before we may reach the merits of the application. Rule 23 of the Court of Claims provides, among other things, that no application shall be made to this court or to a judge thereof for any order except on eight days' written notice to the adverse party unless the adverse party waives or modifies said requirement; and an additional three days are required to be added thereto, service having been made herein by mail. (Civ. Prac. Act, § 164.) It would seem that the return day, June 14, 1954, did not give claimant the required notice. Where a notice of motion is served within less time prior to its return date than prescribed, the court has, upon the objection of a party appearing specially, no jurisdiction to entertain it. (*Palmer* v. *Rotary Realty Co.*, 233 App. Div. 764; *Silverman* v. *Silverman*, 261 App. Div. 1106.) However, in our opinion, claimant, by bringing on said cross motion, made a general appearance which constitutes a waiver of any objection he might have had on the grounds of inadequacy of the notice given him by the State of New York. (*Matter of Glasser*, 180 Misc. 311.) He may not, therefore, avail himself of such objection. We pass now to the consideration of the merits of the applications.

The State of New York served claimant's attorneys with a notice, under subdivision 1 of section 17 of the Court of Claims Act, requiring the examination before trial of claimant as a party in the city of New York, on December 17, 1953. On December 18, 1953, Judge SYLVESTER of this court heard argument on a motion made by claimant for an examination before trial of the State of New York, and, by order dated December 19, 1953, such examination was granted. On March 2, 1954, the State of New York served upon the claimant's attorneys, by mail, a demand for a bill of particulars.

Up to the date of the bringing on of the instant motion by the State of New York, claimant had failed to appear for examination in compliance with said notice; the State of New York had not complied with the order of Judge SYLVESTER, by failing to produce for examination before trial the person in said order named; and claimant had failed to comply with the State's demand for a bill of particulars.

The State takes the position (1) that it is entitled to the relief asked for herein, regardless of whether or no the examination of it by claimant has or has not been had; and (2) in attempted justification of that situation, that it is impossible for it to comply with the order of Judge SYLVESTER by reason of the fact that the alleged employee to be examined by the claimant was not, at the time of the making of said order and at the time of the argument of this motion, its employee, and, therefore, it has no jurisdiction over said alleged employee and has no power or authority to compel him to appear at or for such examination. It would appear that this same point was made by the State of New York upon the argument of the motion before Judge SYLVESTER.

On the other hand, claimant's position is as follows: he is willing to submit to an examination of himself by the Attorney-General in New York City at a time to be fixed by this court. He insists that the State should be directed to submit to examination in accordance with the order of Judge SYLVESTER dated December 19, 1953, and that in default of the same, the State should be denied an examination of the claimant and a bill of particulars, and, in fact, should be stayed from taking any affirmative steps until compliance with said order of Judge SYLVESTER. He states that the demand for a bill of particulars will be complied with, within ten days after the closing of the examination before trial of the State of New York and the transcribing of the testimony adduced thereupon. He further urges, as hereinbefore alluded to, that this motion be referred to Judge SYLVESTER who made the order of December 19, 1953.

It would seem that claimant is in default by having failed to appear as required by the notice for examination before trial served upon his attorneys by the State of New York, as hereinbefore mentioned. It would seem also that the State of New York is in default by having failed to comply with the order of Judge SYLVESTER, hereinbefore referred to. In our opinion, that order, not having been appealed, and not having been modified or vacated, is binding herein. It may not be attacked collaterally herein, and it would seem that the State of New York must move directly against it, should it seek relief from its provisions.

We dispose of the motion and of the cross motion before us as follows: (1) Claimant is stayed from taking affirmative steps in the claim unless and until he submits, on September 3, 1954, at eleven o'clock in the morning of that day, at the office of the Attorney-General, State of New York, at No. 80 Centre Street, city of New York, to the examination required by the State's

notice and as is more particularly set forth in said notice dated December 3, 1953. (*Graziano* v. *Eagle Pencil Co.*, 207 App. Div. 225; *Bliven* v. *Burrell*, 252 App. Div. 867.) (2) Upon compliance by claimant under item "(1)" hereinbefore set forth, the State is stayed from taking affirmative steps in this claim unless and until it complies with the aforesaid order of Judge SYLVESTER as it now is in full force and effect, or, as it may be as of the date of said compliance. (*Graziano* v. *Eagle Pencil Co., supra*; *Bliven* v. *Burrell, supra*.) (3) Upon compliance by the State of New York with item "(2)" above set forth, claimant will be required to furnish the particulars demanded in the State's demand for a bill of particulars within ten days after the examination is had under the order of Judge SYLVESTER and of the completion of transcription of the testimony adduced thereupon. (4) Except as hereinbefore specifically disposed of, the motion and the cross motion are denied.

Submit order accordingly.