■ HAZEL F. BITTSON, Respondent, v. ANTHONY J. BITTSON, Appellant. LOUIS M. WOLF, Respondent.— Appeal from an order denying appellant's motion (1) for leave to open his default on an application by the custodian-receiver for an order authorizing the expenditure of certain funds in his possession for the purpose of preserving the property held by him as custodian, (2) to vacate the order granting the custodian-receiver's motion, (3) to direct the custodian-receiver to authorize appellant's attorneys to inspect the premises, and (4) to direct the custodian-receiver to place the premises with a licensed real estate agent for rental. Notice of the custodian-receiver's application was served on appellant's former attorneys after they had advised the attorneys for plaintiff-respondent that they no longer represented appellant, and on the return date of the motion the Special Term was apprised of the fact that the motion papers had been served upon appellant's former attorneys. Order reversed, without costs, and motion granted, without costs, and without prejudice to a renewal of the custodian-receiver's application upon proper notice to appellant. The

relation of attorney and client having been terminated, the notice served on appellant's former attorneys was not notice to the appellant, and the Special Term, therefore, had no jurisdiction to entertain the motion. (Cf. *Keller* v. *Keller*, 100 App Div. 325; *Silverman* v. *Silverman*, 261 App. Div. 1106; 7 C. J. S., Attorney and Client, § 69.) We are also of the opinion that, under the circumstances presented by this record, appellant is entitled to an inspection of his property, held by the custodian-receiver since January, 1954, and unoccupied for several years, and to the listing thereof with a real estate broker for rental. Nolan, P. J., Beldock, Murphy, Hallinan and Kleinfeld, JJ., concur. Settle order on notice.