Vihceht Lupiawo, J.
Plaintiff’s cross motion is consolidated with defendant’s instant motion and disposed of as hereinafter stated.
*151 Defendant moves, "by order to show cause, to amend the final decree of divorce entered herein on May 24, 1954 so as to eliminate therefrom the support provision for the son of the parties as of September 17, 1958, and thereafter, upon the ground that their son became 21 years of age on that date. To this motion plaintiff has served a cross motion for certain stated relief. Because of the manner in which defendant has instituted his motion and his technical objections to plaintiff’s cross motion, procedural difficulties must first be resolved. Although there is presently pending in the Appellate Division an appeal in this very action, in which the same attorney who represented defendant throughout this action still appears for him on the appeal, defendant has nevertheless instituted this motion “ in person The legal cover enclosing his motion papers states “ Nathan Berger Defendant in Person, Post Office Address 19966 Livernois Detroit 21 Michigan ”. His affidavit is executed in Wayne County, Michigan. However the motion papers were served by hand upon the attorney for the plaintiff in this city. Also annexed to defendant’s moving papers is an affidavit by the same attorney for defendant afore-mentioned, who, while omitting to state whether or not he appears for defendant on his motion, avers that the attorney for plaintiff is the same upon whom defendant’s motion papers were served.
Upon being served with defendant’s motion papers, plaintiff thereupon served a cross motion upon defendant at his stated address in Michigan. To this, defendant’s same attorney appears specially to vacate the service of plaintiff’s cross motion upon the grounds that section 117 of the Civil Practice Act does not provide for service of a cross motion on an individual but only on an attorney who appears for a moving party; that service by mail was not timely, and, that plaintiff’s requested relief requires procedure by way of an order to show cause.
Whatever stratagem or purpose is being invoked and contemplated by these dual appearances by defendant in the pending appeal and these cross motions, all in this action between the parties, the technicalities upon which they are here predicated and presented lack persuasion and merit. Defendant instigated the present situation by serving his motion, appearing for himself, “ pro se ” and giving his address in the State of Michigan. Service therefore by plaintiff of her cross motion upon the defendant in Michigan at his address there stated was proper. Regardless of the return dates, the motions were adjourned and were not submitted to the court until February 3, 1959, at which time the court heard oral argument on the *152 part of the respective attorneys. I am, therefore, satisfied that defendant had ample notice of the cross motion and his objection as to timeliness or procedure is rejected.
The specific objection that plaintiff is required to proceed by order to show cause is also untenable in the circumstances presented. Since plaintiff’s requested relief was by way of a cross motion to defendant’s main motion, it was properly interposed pursuant to section 117 of the Civil Practice Act. This provision of law permits a cross motion to be made by the service, prior to the return date of the main motion, of a notice (emphasis mine) specifying any kind of relief, whether same is responsive or not to the relief requested by the moving- party. (See Levine v. Levine, 16 Misc 2d 75.)
The technical objections interposed by defendant are, therefore, overruled for the reasons stated and I shall accordingly consider the cross motion of plaintiff on the merits. The defendant may serve and file his affidavit in opposition thereto on or before March 9, 1959, with leave to the plaintiff to reply on or before March 16,1959. Disposition of the original as well as the cross motion is, therefore, held in abeyance.