George P. Stier, J.
Motion by the female defendant to cancel a lis pendens upon the filing of an undertaking. Cross motion by plaintiff for leave to serve a supplemental and amended complaint in the form proposed and to vacate the note of issue already filed herein and strike the action from the calendar.
Section 124 of the Civil Practice Act authorizes the cancellation of a lis pendens upon the deposit of money or the giving of an undertaking, where such will secure adequate relief to the party filing the Us pendens, in any action “ other than an action to foreclose a mortgage or for the partition of real property or for dower ” (emphasis supplied). Whether an action is one for partition is to be determined by the pleading. (14 Carmody-Wait, New York Practice, p. 70.) Under paragraph 4 of her prayer for relief in both the original and proposed supplemental and amended complaints plaintiff demands judgment that “ A partition or division of the said premises be made according to the respective rights of the said parties, or, if partition cannot be had without material injury to those rights, then a sale be had of said premises, subject to the liens and encumbrances hereinbefore recited and a division of the proceeds among the parties, according to their respective rights.” It is obvious, therefore, that partition is at least part of the ultimate relief which plaintiff seeks in this action. (See 14 Carmody-Wait, op. cit. supra, p. 621.) Defendant’s motion is accordingly denied.
So much of plaintiff’s cross motion as seeks leave to serve a supplemental and amended complaint is granted. Service thereof is to be made within 10 days after entry of the order hereon. So much of the cross motion as seeks to vacate the note of issue and to strike the action from the calendar for the January 1962 Term is denied. Such relief is neither necessary nor warranted. This controversy should and can be disposed of promptly.
Any objection to the timeliness of the notice of cross motion was waived by the answering affidavit on the merits. (Matter of Glasser, 180 Misc. 311, 313; Schoenberg v. State of New York, 206 Misc. 493, 495.)