■    ALVIN S. MIOT, Respondent, v. JOCARL REALTY CORP. et al., Appellants.— Motion by defendant JoCarl Realty Corp. for reargument granted. On reargument the decision of this court dated November 4, 1963 (19 A D 2d 889) is amended to read as follows: " In an action to recover damages for personal injury, both defendants appeal from an order of the Supreme Court, Kings County, dated April 3, 1962, which granted plaintiff's motion to vacate the prior orders dismissing the complaint against the defendants for lack of prosecution, on condition that plaintiff pay to each defendant $25 for its expenses. Order of April 3, 1962 reversed, without costs, and plaintiff's motion to vacate the prior orders dismissing the complaint denied. In our opinion the unreasonable excuses offered for trial counsel's two defaults, and the absence of any excuse for the delay of five months in moving to vacate the dismissal orders, constituted persistent wrongful conduct in disregard of defendants' rights and of the rules governing the course of litigation. We are further of the opinion that plaintiff's contention that the original order dismissing the complaint as to defendant JoCarl was jurisdictionally void in that it was based on insufficient notice of motion — seven days instead of the eight days' requisite here (Civ. Prac. Act, § 164; Rules of Civ. Prac., rule 60) — lacks validity for two reasons: First, this contention was not raised in the court below; hence it may not be raised on appeal. Second, plaintiff's application for an adjournment from July 10, 1961, the return date of the original motions, to August 15, 1961, constituted a general appearance; hence his motion to vacate the orders of dismissal, which resulted in the order appealed from, was a hearing on the

merits. Plaintiff, therefore, must be deemed to have waived the defect arising out of the insufficient notice of the motion (*Buford* v. *New York Iron Mine*, 2 N. Y. S. 699, affd. *sub. nom. Berford* v. *Wetmore*, 119 N. Y. 638; *Matter of Glasser*, 180 Misc. 311; *Schoenberg* v. *State of New York*, 206 Misc. 493; *Berger* v. *Berger*, 16 Misc 2d 150; *Samuels* v. *Samuels*, 33 Misc 2d 248)." The court's order of November 4, 1963 will be amended accordingly. Beldock, P. J., Ughetta, Christ, Brennan and Hill, JJ., concur.