Matthew M. Levy, J.
This motion by the defendant United States Liability Insurance Company for an order consolidating the two actions herein cannot be disposed of on the merits. It must be and is denied; but such determination is without prejudice to renewal upon due notice of motion.
CPLR. 2214 (subd. [b]) requires service of a notice of a motion and the supporting affidavits at least, 8 days before the return date, and CPLR 2103 (subd. [¡b], par. 2) requires that 3 additional days be added to this prescribed period where the service is by mail. Here the moving papers appear to have been so served, as evidenced by the affidavit of January 22, 1965 (although erroneously set forth as 1964). But, since only 10, days’ notice was given (and not 11), the notice is inadequate. That the opposition did not appear on the return date does not, I hold, aid the moving party.
I recognize that language used in some of the books would seem to indicate that the defect is not jurisdictional and that it is waived by and may be overlooked upon a default. It has, *682 for example, been said by Tripp, in his generally helpful “ Guide to Motion Practice ” (rev. ed., 1949, § 2, p. 5) that:
“ 5. "Where a notice of motion is served within less time prior to its return date than prescribed, the court has, upon the objection of the respondent appearing specially, no jurisdiction to entertain it. (Palmer v. Rotary Realty Co. Inc., 233 App. Div. 764, 250 N. Y. S. 187; Silverman v. Silverman, 261 App. Div. 1106, 27 N. Y. S. [2d] 11.)
“ (a) A general appearance, however, may constitute a waiver of this objection. (Glasser’s Application, 180 Misc. 311, 41 N. Y. S. [2d] 733.) ”
And again in his Cumulative Supplement (1949-1955) in section 2, page 4:£i< 5. Where a notice of motion is not served within the time prescribed for service by mail, the motion will be denied if objection is raised by the opposing party. (Schoenberg v. State of New York, 206 Misc. 493,133 N. Y. S. 2d 811; Trapani v. Warrandein, N. Y. L. J., Nov. 1,1950, p. 1028, col. 3.) ” Thus apparently giving the impression . that, if objection is not interposed, the court may proceed as if there were-a default.
The cases relied upon by Tripp, however, do not support what may appear to be his view. True, in Palmer and in Silverman there were special appearances, but there is no indication as to what the decisions would be were- there no such objection. Also, it is obvious, as held in Glasser and in Schoenberg, that a general appearance would be deemed a waiver of untimely service. (It does not appear from the Trapani decision whether there was or was not an.objection.)
On the other hand, the case of Morabito v. Champion Swimmmg Pool Corp. (18 A D 2d 706) decided by the Appellate Division, Second Department, in 1962, is a specific holding (made plain upon an examination of the record and briefs on appeal) that nonappeiarance does not waive the jurisdictional defect of inadequate notice. In that case a notice of motion for summary judgment was served by plaintiff 7 days prior to the return date, not 11 as required in the circumstances. There was no appearance or objection by the respondent on the motion, and summary judgment was granted by default. Thereafter, the defendant, against whom judgment had been entered, moved to vacate it and to open the default. The motion was denied at Special Term. On appeal, the order of denial was reversed -on two grounds — one of which was that of inadequate notice of motion.
Thus iit is that, as I have said, I order a denial of the instant motion, but with leave to renew upon due notice. A stipulation *683 entered into by the parties admitting due service will, of course, be adequate to restore the motion to the calendar without the necessity of further service. And, indeed, if formal notice of motion be resorted to for purposes of renewal, recital of the supporting affidavits and annexed exhibits heretofore served, and now ordered to be placed on file, will suffice upon which to base a jurisdictionially proper notice of motion without the necessity of the service of duplicates of such affidavits and exhibits.