Daniel E. Fitzpatrick, J.
Motion for summary judgment pursuant to CPLB 3213 in favor of plaintiff and against the defendants, in the sum of $12,000, together with the costs and disbursements of this action, on the ground that this action is based upon instruments for the payment of money only and that there is no defense thereto.
The first question to be resolved is that of the traverse of the service of the summons and moving papers herein upon the corporate and individual defendants. Upon the hearing on January 10, 1969, it was conceded that the two individual defendants Estelle T. Fliegler and Marilyn Barker were personally served, and as to them, the traverse was dismissed. As to the remaining defendants, as to whom decision was reserved, the court dismisses the traverse and upholds the service of the summons. The only witness for the defendants was Joe F. Barker, an officer of defendant Brightside Manufacturing Inc., and who denied that Caroline Barsch or Karen Barsch, upon whom the moving papers were served, was anything other than a receptionist or telephone operator for the office which both corporate defendants use in common. He admits that he and Michael Fliegler were handed the papers on this motion by the said Karen Barsch, certainly by the following day. There is no question they received the papers, as they admit to it in their answering affidavits. Neither Karen Barsch nor Michael Fliegler was called to testify. Since the whole purpose of the procedure of service is to give notice to the defendants, it has been accomplished here and there is no showing of any prejudice or loss of a substantial right.
The defendants further attack the service on the grounds that they are not given 20 days’ notice of motion. This new procedure under CPLB 3213 is a hybrid which partakes of elements of both an action and an ordinary notice of motion. It is intended to be dispositive of disputes in a more simple, direct and time-saving manner, and procure a speedy and effective judgment on claims presumptively meritorious. The court therefore, should further this legislative intent without setting up hypertechnical barriers to the end sought by the enactment of the statute. Since it is almost impossible to know exactly when service will be accomplished, selection of a return *110 date may be difficult of computation and the court should exercise discretion by giving defendants sufficient time to answer the moving papers, while retaining jurisdiction.* Further, the summons can be amended in that respect (see Barth v. Owens, 178 Misc. 628; Mercantile Nat. Bank v. Wisner, 48 Misc 2d 275). Defendants here, however, have served their answering affidavits and have elected to contest the merits of the application. 'Since the matter is one of jurisdiction of persons, rather than subject matter, it can be waived. (See Cooper v. Davis, 231 App. Div. 527.) Here the essentials of due process have ibeen met and notice of the proceedings brought home to the parties concerned. (See Matter of Polak v. Anonymous, 7 AD 2d 214.)
As to the merits, the defendants do not deny the making of the note or that it is due and owing; in fact, the only defense set forth is that on the all-purpose guarantees given to the plaintiff by all the defendants except Brightside Manufacturing Inc., they did not guarantee .any further obligations of Bright-side Manufacturing Inc., and that the name of the borrower is left out, and consequently, they cannot be held liable for any default of Brightside on the original note. This is contrary to the clear wording of the guarantees:
‘ ‘ Any and every obligation and liability of Borrower to Bank and claims of every nature and description of Bank against Borrower, whether or not represented by negotiable instruments or other writings, including but not limited to purchase and repurchase agreements, whether now existing or hereafter incurred, originally contracted with Bank and/or with another or others and now or hereafter owing to or acquired in any manner by Bank, whether contracted by Borrower alone or jointly and/or severally with another or others, direct or indirect, absolute or contingent, secured or not secured, matured or not matured.
“ The following specifically described obligations and any and all renewals, extensions or modifications of the whole or any part thereof to wit * * *.
“ The obligations and liabilities of Guarantor hereunder, as well .as any and all other liabilities and obligations of Guarantor to Bank and claims of every nature and description of Bank against Guarantor, whether now existing or hereafter incurred, *111 originally contracted with Bank and/or with another or others and now or hereafter owing to or acquired in any manner by Bank, whether contracted by Guarantor alone or jointly and/or severally with another or others, direct or indirect, absolute or contingent, secured or not secured, matured or not matured are hereafter collectively called ‘ Liabilities ’.”
The plaintiff had the right to complete the blanks in the instruments relied upon here if it so desired, as they are negoiable instruments and commercial papers (Uniform Commercial Code, § 3-115). The indorsement or guarantee signed with obvious blanks can be enforced in the absence of fraud of lack of authority. (National Exch. Bank v. Lester, 194 N. Y. 461; Farmers’ Nat. Bank v. Thomas, 79 Hun 595; Uniform Commercial Code, § 3-407.) No such defenses are urged here. The motion is therefore granted.

 The suggested procedure here is that no default should be permitted nor any judgment entered .thereon where there is short notice. This seems in harmony with the note of Professor Siegel in McKinney’s Cons. Laws of N. Y., Book 7B, CPLR 3213, p. 284 (1968-69 Supp.) with reference to short notice in connection with methods of service other than personal.