FIRST DEPARTMENT, JUNE, 1972

## (June 1, 1972)

■   In the Matter of the Arbitration between SADDLER TEXTILES, INC., Respondent, and WINSTON UNIFORM CORPORATION, Appellant.— Judgment, Supreme Court, New York County, entered June 21, 1971, unanimously reversed, on the law, without costs and without disbursements, and the application of petitioner-respondent to confirm the arbitrators' award denied, without prejudice to a confirmation application properly made.   The demand for arbitration, subject of this appeal, not having been resisted, the hearing thereof proceeded, and resulted in the award attempted to be confirmed herein.   Service of the application for confirmation (CPLR 7510) was made by ordinary mail upon the attorney for respondent-appellant who had appeared at the hearing; on the return of the application, counsel forthwith advised the court that he no longer had authority to represent respondent-appellant in the arbitration, and suggested direct service upon his former client.  The suggestion was not followed. The application for confirmation having been the first court proceeding (see CPLR 7502, subd. [a]), it was incumbent upon petitioner to effect service of the notice thereof "in the same manner as a summons in an action" (CPLR 403, subd. [c]).  Obviously this was not done, and the proceeding should have been dismissed as not properly before the court.   Concur — Stevens, P. J., Markewich, Murphy and Tilzer, JJ.

■   TIMES SQUARE ASSOCIATES, Respondent, v. DAVID D. GRAYSON, Appellant.— Order, Supreme Court, New York County, entered on January 28, 1972, granting reargument and, upon reargument, granting summary judgment pursuant to CPLR 3213, and judgment entered thereon on February 3, 1972, unanimously reversed, on the law, the motion for summary judgment denied and the judgment vacated.   Appellant shall recover of respondent $50 costs and disbursements of these appeals.  Plaintiff-respondent sued upon a guarantee by defendant-appellant of "the full performance and observance of all the covenants, conditions and agreements" which were to be performed by the tenant under a lease. The guarantee is not an instrument for the payment of money only so as to permit institution of this action by means of a motion for summary judgment in lieu of a complaint (CPLR 3213).   The instrument in suit goes beyond merely guaranteeing payment of rent, and as such it possesses characteristics quite different from one for the payment of a sum of money only.   "Had the Legislature intended that this simplified procedure for accelerated judgment [CPLR 3213] be applicable to agreements wherein but one [or some] of the provisions related to the payment of money, the word 'only' would have been deleted from the critical phrase in the provision under discussion." (Wagner v. Cornblum, 36 A D 2d 427, 429.)   Settle order on notice providing for the service of formal pleadings herein.   Concur — Stevens, P. J., Markewich, Murphy, Tilzer and Capozzoli, JJ.