Oscar Murov, J,
This is a motion for summary judgment in lieu of complaint (CPLR 3213). Plaintiff seeks to recover on a bond executed by defendant on January 14, 1970, in the sum of $2,613.98 payable in monthly installments of principal and interest amounting to $75 each commencing on February 14, 1970 and on the 14th day of each ensuing month thereafter until paid in full.
Plaintiff commenced this action by service of summons by “nail and mail” pursuant to subdivision 4 of CPLR 308 on December 27, 1972. The return date stated in the notice of *77 motion was fixed at January 10, 1973. The matter was adjourned by the court until January 17, 1973 because, as alleged by counsel, there was a defect in the aEdavit of service. Counsel for plaintiff applied for and the court granted another adjournment until January 24, 1973.
Defendant has neither served answering papers nor has he appeared on the return date. The court has found the defendant to be in default and, provided the court is satisfied there has been proper notice and that the 3213 procedure selected by plaintiff is proper in this case, may order judgment for the plaintiff.
The instrument upon which suit is brought is a real estate bond. Knowledge of this fact is brought to our attention by words in the body of the bond “ mortgagor will have the privilege of preparing the mortgage ”. Such an instrument was held not to be for the payment of money only (New York Conference Assn. of 7th Day Adventists of Syracuse, N. Y. v. 915 James St. Assoc., 63 Misc 2d 38, affd. 38 A D 2d 235). The court distinguished that matter from Seaman-Andwall Corp. v. Wright Mach. Corp. (31 A D 2d 136). In Seaman-Andwall (supra), the instrument there involved was one for the payment of money only. The mortgage and bond in 7th Day Adventists (supra, p. 39), however, contained provisions not relating to the requirements for the defendant to pay a sum of money only, “ e.g. * * * the defendant agrees to receive the advances secured by the mortgage as a trust fund to be applied in a specific manner”.
The instant instrument provides “ that the said principal sum shall at the option of the obligee become due on the happening of any default which, under the terms of the mortgage securing this bond, said principal may or shall become due and payable; also, that all of the covenants, conditions and agreements contained in said mortgage are hereby made part of this instrument ” (emphasis supplied). Just as was held in 7th Day Adventists (63 Misc 2d 38, affd. 38 A D 2d 235, supra) this bond contains provisions not relating to the payment of money only. The instant instrument incorporates by reference covenants, conditions and agreements in the mortgage and the within action, perforce, must be regarded as one to foreclose a mortgage rather than an action based upon an “instrument for the payment of money only” within the meaning of CPLR 3213.
In Reilly v. Insurance Co. of North Amer. (32 A D 2d 918) the court held that where no opposition is offered to the *78 impropriety of the utilization of the 3213 procedure, the court should entertain the motion. However, there the defendant himself sought similar relief. “ Where * * * all parties to a litigation choose to do so, they may to a large extent chart their own procedural course through the courts.” (Stevenson v. News Syndicate Co., 302 N. Y. 81, 87). No such tacit acquiescence is present here. Defendant has failed not only to challenge the procedure, he has failed also to answer or appear (perhaps with good reason).
Since the time to appear and answer a summons served by nail and mail would be 30 days after proof of service is filed with the Clerk (UDCA, § 402, subd. [b], par. [4]), the return date on a motion for summary judgment in lieu of complaint served in the same manner cannot be less (UDCA, § 1004). The return date must be further extended if an answer is required. In this case where plaintiff demands an answer at least five days before the return date, the return date should have been calculated to include a period for service and filing proof of service (UDCA, § 410, subd. [b]) plus the statutory period of 30 days for appearing (UDCA, § 402, subd. [b]) plus five days when an answer is required (UDCA, § 1004). The day established by plaintiff falls far short of the minimum requirement.
The effect of short notice is not fatal to jurisdiction when defendants elect to contest on the merits of the action (Flushing Nat. Bank v. Brightside Mfg., 59 Misc 2d 108) but defendant in the instant action has defaulted. In a footnote to the decision in Flushing Nat. Bank v. Brightside Mfg. (supra, p. 110), Justice Fitzpatrick prescribes a procedure presumably in harmony with views expressed by Professor Siegel (McKinney’s Cons. Laws of N. Y., Book 7B, CPLR 3213, p. 284 [1968-69 Supp.]), which would not permit default or entry of judgment thereon where there is short notice.
Accordingly, the plaintiffs’ motion is denied, and the action is dismissed without prejudice.