Frank C. Bowers, Jr., J.
The plaintiff in the above-related actions moves this court for an order granting summary judgment in lieu of complaint pursuant to CPLR 3213. This *916 section is intended to provide a speedy and effective means of securing a judgment on a claim presumptively meritorious, where the action is based upon an instrument for the payment of money only or upon any judgment.
As we noted in a previous decision in a case similar to those now before us (cf. Putnam County Nat. Bank of Carmel v Bennett, decided May 12, 1975), CPLR 3213 provides that certain notice procedures must be followed. “The minimum time such motion shall be noticed to be heard shall be as provided by subdivision (a) of rule 320 for making an appearance, depending on the method of service.”
Attached to the motion papers herein are affidavits of service of summons dated April 21 and April 22, which show personal service on April 16 in the first action and “nail and mail” service (per CPLR 308, subd 4) on April 18 in the second action. The notice of motion accompanying the summons provides for a return date of May 5, 1975. It has been stated that "since it is almost impossible to know exactly when service will be accomplished, selection of a return date may be difficult of computation and the court should exercise discretion by giving defendants sufficient time to answer the moving papers, while retaining jurisdiction.” (Flushing Nat. Bank v Brightside Mfg., 59 Misc 2d 108, 109-110.)
Since the time to appear and answer a summons served by “nail and mail” would be 30 days after proof of service is filed with the clerk, the return date on a motion for summary judgment in lieu of complaint served in the same manner cannot be less. (Kemp v Hinkson, 73 Misc 2d 76.) The same reasoning would apply where service is effected by personal service (20 days per CPLR 320). The day established herein by the plaintiff falls short of the minimum requirement in both instances.
Although it has been stated that the effect of short notice is not fatal to jurisdiction when a defendant elects to contest on the merits in an action (Flushing v Brightside, supra), the defendants herein have defaulted. A footnote to the Flushing decision asserts that "the suggested procedure here is that no default should be permitted nor any judgment entered thereon where there is short notice.”
It might be further noted that in both of the above motions, there was no verification of the affidavits of Merritt Ryder.
Accordingly the plaintiff’s motion in both of the cases herein is denied.