## (September 26, 1983)

■ ASSOCIATES CAPITAL SERVICES CORPORATION OF NEW JERSEY, Respondent, v ABRAHAM LICHTENSTEIN, Appellant, et al., Defendants. — In an action allegedly based upon an instrument for the payment of money only, commenced pursuant to CPLR 3213 by service of a summons and notice of motion for summary judgment in lieu of a complaint, defendant Abraham Lichtenstein appeals, as limited by his brief, (1) from so much of an order of the Supreme Court, Kings County (Feldman, J.), dated September 17, 1982, as granted summary judgment against him, and (2) from so much of a judgment of the same court, dated October 20, 1982, as awarded plaintiff judgment against appellant in the principal sum of $20,059.85. Appeal from the order dismissed, without costs or disbursements (see *Matter of Aho*, 39 NY2d 241, 248). Judgment reversed insofar as appealed from, on the law, without costs or disbursements, and plaintiff's motion for summary judgment as against appellant is denied. Plaintiff sued upon a guarantee by appellant of all the covenants and conditions to be performed by Silent Trucking Corp. (of which appellant is a principal) under a lease. The guarantee is not "an instrument for the payment of money only" upon which an action by means of a motion for summary judgment in lieu of a complaint pursuant to CPLR 3213 may be commenced (see *Associated Capital Servs. Corp. v Lichtenstein*, 94 AD2d 736). Accordingly, relief pursuant to CPLR 3213 must be denied. Mollen, P. J., Mangano, Thompson and Niehoff, JJ., concur.

■ CAMILLE BRENNAN et al., Respondents, v BREEZY POINT COOPERATIVE, INC., et al., Appellants. — In an action for a declaratory judgment and injunctive relief, defendants appeal from an order of the Supreme Court, Queens County (Buschmann, J.), entered April 20, 1982, which denied defendants' motion for summary judgment, granted plaintiffs' motion for summary judgment, struck the answer and supplemental answer of defendants; ordered defendant Breezy Point Cooperative, Inc., and the individual defendants to observe and follow the procedure for amending the proprietary lease as set forth in the by-laws, as amended in 1965 (rather than as set forth in the proprietary lease) until such time as the by-law provisions (for amendment of the proprietary lease) are lawfully amended; declared that a new maintenance assessment formula was not adopted according to the appropriate amendment procedure set forth in the by-laws and enjoined defendants from implementing said formula. Order modified by (1) deleting all provisions thereof except that which denied defendants' motion for summary judgment and (2) adding a provision thereto denying plaintiffs' motion for summary judgment. As so modified, order affirmed, with costs to the appellants. Both parties moved for summary judgment. Special Term denied defendants' motion for that relief but granted plaintiffs' motion. In our opinion, summary judgment was precluded by the need to determine various material issues of fact which on this record and under the circumstances of this case can only be resolved at trial. Among those issues are the circumstances under which the various plaintiffs purchased their shares of stock in the subject co-operative and executed proprietary leases; the various documents, including the prospectuses, by-laws, and stock and lease provisions on which the various plaintiffs relied in becoming shareholder-tenants of the subject co-operative; the circumstances surrounding the subject 1965 amendment to the by-laws concerning amendment of the proprietary leases, the circumstances, rationale for and execution of the subject contested board resolutions and the circumstances of the shareholder meetings held August 2, 1977, August 12, 1978 and August 3, 1981 under those resolutions. Titone, J. P., Mangano, Gibbons and Thompson, JJ., concur.