OPINION OF THE COURT
Loren N. Brown, J.
The plaintiff in this litigation seeks to recover on two notes executed by the Bullard Orchards, Inc., promising to pay the Helen E. Bullard Trust the total sum of $99,969.69, plus interest. The action was commenced by service of a summons *137 in lieu of complaint, in that the action is based upon an instrument for the payment of money only (CPLR 3213). The action was purportedly commenced by an order to show cause shortening the time in which the defendant normally would have to answer as provided by CPLR 3213 and 320 (a).
The defendant has opposed the motion, in part, on the ground that a motion for summary judgment in lieu of complaint must be commenced in accordance with CPLR 3213 and 320 (a), with the time limitations provided by those provisions.
In addition to opposing the motion, the defendant has cross-moved to disqualify the law firm of Bartlett, Pontiff, Stewart, Rhodes & Judge, P. C. from representing the plaintiff in this action.
The issue sub judice distills to whether this action may be commenced by order to show cause with a shortened period provided for the defendant’s answer.
A motion for summary judgment in lieu of complaint is a relatively new procedure not found in New York law prior to the adoption of the Civil Practice Law and Rules (4 Weinstein-Korn-Miller, NY Civ Prac ¶ 3213.01). It is a hybrid procedure possessing the aspects of a motion and an action. (Seigel, Practice Commentaries, McKinney’s Cons Laws of NY, Book 7B, CPLR C3213:l, at 497.) The plaintiff contends that it is a motion, and that, as a motion the response time may be shortened by the directives of an order to show cause. (CPLR 2214 [d].) To the contrary, the defendant would stress those aspects of the motion for summary judgment in lieu of complaint which indicate that the procedure is an action with immutable time limitations.
While an action brought pursuant to CPLR 3213 possesses a hybrid quality, its essence is that of a procedure for commencing an action, albeit an expedited procedure employing a motion to bring it sub judice. It clearly commences litigation, and service of process must be accomplished by personal service upon a defendant pursuant to CPLR article 3 rather than on an attorney, if known, as would occur in the context of a motion. The motion merely moves an action with apparent merit quickly to a resolution. (Interman Indus. Prods. v R. S. M. Electron Power, 37 NY2d 151.)
Though not addressed by the plaintiff, with some persuasiveness it may be argued that a motion for summary judgment in lieu of complaint is a special proceeding which may be commenced by order to show cause containing an abbrevi *138 ated return date and period in which the opposing party must plead. (CPLR 403 [d]; Seigel, Practice Commentaries, McKinney’s Cons Laws of NY, Book 7B, CPLR C3213:l, at 497.) If so, then the plaintiffs designation of this litigation as an action instead of a special proceeding could be disregarded, and the proceeding continued. (CPLR 103 [c].)
The argument, however, loses sight of the nature of the litigation. Litigation commenced pursuant to CPLR 3213 is an action telescoped in time and condensed in required paperwork. Because the cause of action would be fully set forth in the supporting affidavits and other supporting documentation, a complaint would be mere surplusage. (See, Interman Indus. Prods. v R. S. M. Electron Power, supra, citing First Preliminary Report of Advisory Comm on Prac & Pro, at 91; 1957 NY Legis Doc No. 6[b], at 91.) Despite the absence of the redundant complaint, the litigation retains its character as an action, and does not, because of its procedural shortcut, become a special proceeding.
Having failed to provide the defendant with the requisite notice, the action is jurisdictionally defective and must be dismissed. (Schoffel v Goodstein, 107 Misc 695; Tucci v Romeo, 94 Misc 317.)
Because of the dismissal of the action, the cross motion to disqualify the plaintiffs counsel is moot.