OPINION OF THE COURT
Michael D. Stallman, J.
Does short service require denial of an interlocutory motion? Is short service of a motion for summary judgment in lieu of complaint a jurisdictional defect? Is CPLR 3213 relief available on a guarantee of monetary and nonmonetary lease obligations?
FACTS
Plaintiff cooperative corporation sues defendant, the father of a shareholder-proprietary lessee, for unpaid maintenance, based on defendant’s guarantee of his son’s lease. There are two other pending actions concerning the underlying dispute; each has different parties. In a 1994 Supreme Court action, defendant’s son has sued his upstairs neighbors and the cooperative corporation for injunctive relief and $1 million damages for alleged noise from a loud toilet in the upstairs apartment, unspecified construction work and inadequate carpeting. It appears that there is no preliminary injunction in that case, and that the lessee paid monthly maintenance in escrow through August 1995.
In 1995, plaintiff commenced a summary nonpayment proceeding in the Housing Part against defendant’s son.
I
Defendant cross-moves to dismiss, alleging that plaintiffs motion in chief was untimely. Plaintiff opposes, asserting that defendant’s motion to dismiss was untimely.
*839 Plaintiff made its motion for summary judgment in lieu of complaint returnable on January 23, 1996. It is undisputed that defendant’s cross motion was served by mail on January 16, 1996, i.e., seven days before the return date. CPLR 2215 requires that a cross motion be served at least three days before the return date; if movant serves by mail, CPLR 2103 (b) (2) requires that five additional days be added, thereby providing a reasonable period for receipt. (See, Perez v Perez, 131 AD2d 451 [2d Dept].) Thus, defendant served "short”, by mailing his papers one day late.
A motion is an application for relief in a pending action or proceeding. (CPLR 2211; see, Matter of Crespo, 123 Misc 2d 862 [Sup Ct, NY County].) An interlocutory paper, it must be served by a method prescribed by CPLR 2103, and not according to CPLR article 3, which applies to jurisdictional service upon commencement of the action. Because personal jurisdiction has been acquired by the service of the summons, late service of a motion does not affect jurisdiction.
Nevertheless, a short-served motion, when submitted on default, should be denied. Timely service of motion papers is intended to provide the adversary with adequate notice of the relief sought and a reasonable opportunity to prepare a response. Due process requires that the notice be conveyed timely in a manner reasonably calculated to be received. (See generally, Mullane v Central Hanover Trust Co., 339 US 306.)
Inadequate notice may mean no notice. When papers are not received before the return date, a default usually ensues. However, where the adverse party opposed on the merits, evidencing adequate notice, short service has been deemed waived. (Todd v Gull Contr. Co., 22 AD2d 904 [2d Dept]; Miot v JoCarl Realty Corp., 20 AD2d 664 [2d Dept].) Even where the short-served adversary objected on that ground, short service has been viewed as a nonfatal irregularity if the opponent mailed a response before the return date. (National Microtech v Satellite Video Servs., 107 AD2d 860 [3d Dept].) When there is no default presumptively caused by the short service,[1] the issue is not the lateness of the service, but whether it caused the respondent substantial prejudice. (See, Glasz v Glasz, 173 AD2d *840 937 [3d. Dept]; see also, Coonradt v Walco, 55 Misc 2d 557 [Sup Ct, Rensselaer County, Cooke, J.].) If the adversary is afforded an adequate opportunity to respond before the motion is submitted to the court for decision, substantial prejudice is unlikely.
The court need not automatically deny the motion without prejudice; it must exercise its discretion according to the circumstances. Usually, it is better practice to adjourn the motion for adequate response time. (See, Siegel, NY Prac § 247 [2d ed]; Chase, Weinstein-Korn-Miller CPLR Manual, Motions, Orders and Stays, § 15.03 [c] [rev ed].)
Viewed in this light, plaintiff was not prejudiced by late receipt of defendant’s cross motion. Plaintiff obtained a two-week consent adjournment and responded; defendant replied. The adjournment gave both sides adequate opportunity to litigate both motions on the merits. Both sides drafted, served and received additional papers. They were fully prepared for argument and submission on the adjourned date, February 6, 1996.
There is no other evidence of prejudice to plaintiff or to the process, as where an untimely motion entertained on the eve of trial would delay the proceedings. Neither is there any indication of deliberate wrongdoing, as where papers are intentionally served in a manner or at a time not reasonably calculated to be received, thereby raising significant ethical and constitutional issues that might militate against consideration of a motion even in the absence of demonstrated prejudice.[2] (See, Chase, id., § 15.03, n 30.) To deny the cross motion under these circumstances, exclusively because of the one-day lateness in service, would be illogical and purposeless. To require the parties to redo the motions is unnecessary to provide fair notice and an adequate opportunity to respond, something that has already happened. It would unfairly burden the parties with additional work and expense and would unnecessarily delay resolution.
II
It is undisputed that plaintiff simultaneously served the summons and motion for summary judgment in lieu of complaint *841 by substituted service (CPLR 308 [2]).[3] Service became complete before the initial return date, January 23, 1996. There is no dispute that the period between statutory completion of plaintiff’s service and the return date was less than the full statutory period for defendant’s answer or appearance.[4] At issue is whether a shortened answer period is a fatal defect.
The same considerations of notice and fairness applicable to an interlocutory motion or cross motion (see, Part I, supra) apply with equal logic to a motion for summary judgment in lieu of complaint. There is an important distinction. A motion for summary judgment is simultaneously both a motion and an action. The moving papers are the functional equivalent of a complaint. They must be served along with a summons in the same manner as a summons, i.e., by a jurisdictional method. (CPLR 3213; see, 4 Weinstein-Korn-Miller, NY Civ Prac 3213.02; Siegel, Practice Commentaries, McKinney’s Cons Laws of NY, Book 7B, CPLR C3213:9, at 507; see also, Matter of Bullard, 153 Misc 2d 136 [Sup Ct, Saratoga County] [not a special proceeding; cannot commence via order to show cause].)
Because the defendant’s response constitutes an appearance and serves as the answer, CPLR 3213 provides that the defendant have the same time to answer or appear as provided under CPLR 320, i.e., the same period as would be available in a plenary action.[5]
[6]CCA 1004 contains an analogous provision.® These provisions do not provide for the method of service of process and do not affect the validity of service. Thus, they do not *842 relate to jurisdiction. Rather, they circumscribe the defendant’s available response time.
Accordingly, if service had been completed before the return date, but not sufficiently early to afford the full statutory response time, jurisdiction was already acquired before the beginning of the appearance / answer period. This is so because the defendant’s time to answer does not begin to run until completion of service. Where, as here, defendant appeared on the merits and does not dispute either the legal sufficiency of the service method or its performance, jurisdiction is not in issue. The court has power to entertain the motion, but must afford the defendant adequate opportunity to prepare and serve a response before it decides the matter.
Defendant relies on two inapposite cases for his view that short service requires dismissal. (Putnam County Natl. Bank v Bischofsberger, 82 Misc 2d 915 [Putnam County Ct]; Kemp v Hinkson, 73 Misc 2d 76.) In both cases, the defendants defaulted. Each court denied the plaintiff relief on the assumption that the short notice deprived the defendant of actual notice. That is to say, a default should not be entered to benefit a plaintiff who may have provoked the default. Both cases relied on Flushing Natl. Bank v Brightside Mfg. (59 Misc 2d 108 [Sup Ct, Queens County]) which held that short service was immaterial when the defendant has appeared and contested on the merits.
There is no indication here that plaintiff attempted to provoke a default. Neither is there evidence of any other deliberate wrongdoing. Rather, the delivery and mailing were effected in a manner and at times reasonably calculated to be received. Indeed, it is undisputed that defendant received the papers well in advance of the return date. Service satisfied due process standards. Although the short service here did not give defendant the minimum appearance/answer time, it did not vitiate the service itself, which defendant has not disputed. Neither did it prejudice defendant, who received an adequate opportunity to defend. Thus, there is no legal basis for deeming the short service a "jurisdictional” defect. Neither does any policy consideration require dismissal.
Defendant’s motion for dismissal and sanctions for short service is denied. Defendant has demonstrated neither entitlement to costs or attorney’s fees, nor to sanctions for frivolous conduct under 22 NYCRR 130-1.1.
*843 III
The simplified, accelerated procedure of the motion for summary judgment in lieu of complaint is available only on an already existing judgment or an "instrument for the payment of money only”. (CPLR 3213.) Although a document need not be a negotiable or nonnegotiable instrument as defined by UCC article 3 to qualify as an "instrument for the payment of money only” under CPLR 3213 (Maglich v Saxe, Bacon & Bolan, 97 AD2d 19 [1st Dept]), contracts and other documents that create other than exclusively monetary obligations do not qualify, even though they contain monetary obligations. (See, Midda Realty Corp. v Ci-Tex, Inc., 50 AD2d 600 [2d Dept] [lease].)
By definition, a guarantee relates to an underlying obligation; it requires the guarantor to perform the underlying obligation of the primary obligor. If a guarantee, by its own terms, unconditionally obligates the guarantor only to pay money, it is an instrument for the payment of money only. (Torres & Leonard v Select Professional Realties, 118 AD2d 467 [1st Dept].) The guarantee need not be for a sum certain, if it guarantees only a monetary obligation. (Chase Manhattan Bank v Marcovitz, 56 AD2d 763 [1st Dept] [guarantee included promise to pay costs and legal fees].) The need for calculation or hearing does not disqualify it from CPLR 3213 eligibility.
In the alternative, an unconditional, general guarantee of an underlying instrument for the payment of money only, qualifies under CPLR 3213, because it obligates the guarantor to payment and does nothing else. (E.g., European Am. Bank & Trust Co. v Schirripa, 108 AD2d 684 [1st Dept] [personal guarantee of note].) Even where the underlying note provides for interest keyed to an unspecified but objectively determinable rate (e.g., prime or other reference rate), the note and any unconditional guarantee form an "instrument for the payment of money only” if they recite exclusively monetary obligations. (See, Bank Leumi Trust Co. v Rattet & Liebman, 182 AD2d 541 [1st Dept]; Manufacturers Hanover Trust Co. v Green, 95 AD2d 737 [1st Dep].)
In contrast, a general guarantee of an obligation other than a monetary one does not qualify for CPLR 3213 treatment. (See, Times Sq. Assocs. v Grayson, 39 AD2d 845 [1st Dept] [guarantee of " 'full performance and observance of all the covenants’ ” of a lease].)
The guarantee here at issue states, in pertinent part: "I hereby guarantee to Lessor Corporation the performance of all *844 of Assignee’s obligations under the Lease, including, without limitation, the payment by Assignee of all rent (maintenance charges) and any and all charges or assessments payable under the lease” (emphasis added).
Unlike the guarantee in Times Sq. Assocs. v Grayson (supra) the guarantee at issue specifically recites monetary obligations. However, its express wording obligates the guarantor to whatever his son was obligated to perform under the lease. The formulation "all of Assignee’s obligations” is broader than payment only, and subjects the guarantor to liability based on the primary obligor’s breach of any provision of the lease, even those not involving payment. The words "including, without limitation” unambiguously indicate the drafter’s (i.e., plaintiffs) intention that the guarantee be more broad than payment only. Having chosen to craft a guarantee that would serve a broader purpose than securing only a monetary obligation, plaintiff elected to use a device that does not qualify as an instrument for the payment of money only under CPLR 3213.
The Legislature could have written CPLR 3213 to permit summary judgment in lieu of complaint on "an instrument for the payment of money”, but did not. By adding the word "only”, the Legislature excluded guarantees like the instant one, that are not exclusively monetary.
CONCLUSION
The motion for summary judgment in lieu of complaint is accordingly denied and the case shall proceed as a plenary action.[7] Defendant shall file and serve a formal answer within 10 days of service of a copy of this order. This order is without prejudice to a postanswer motion for summary judgment under CPLR 3212.

. In the default situation, short service has been characterized epithetically as "jurisdictional” (see, Thrasher v United States Liab. Ins. Co., 45 Misc 2d 681), meaning a fatal defect. Such misleading usage confuses analysis. The Thrasher court denied a motion to consolidate on the assumption that the movant’s one day, apparently inadvertent, lateness may have precipitated the default. Yet, it is clear that the court assumed that it had subject *840 matter jurisdiction over both pending actions and personal jurisdiction over the parties.

. For example, the all too common practice of dropping papers in the mail the evening before the return date can result in the submission of papers without the adversary’s knowledge.

. Plaintiff delivered the papers to defendant’s wife on January 4, 1996, mailed them to defendant the next day and filed proof of service on January 11, 1996. Defendant does not challenge the facts of service or their legal sufficiency.

. The problem can be viewed as either the premature setting of a return date, or late service given the specified return date. When a plaintiff uses other than personal delivery for service of a CPLR 3213 motion, the multiple acts and filing required for alternate methods of service make it exceedingly difficult for the plaintiff to calculate the response time accurately, because a return date must be selected and specified in the moving papers before service is effected. (See, Siegel, Practice Commentaries, McKinney’s Cons Laws of NY, Book 7B, CPLR C3213:6, at 505.)

. Under CPLR 320 (a), an individual served by personal delivery has 20 days in which to answer or appear; one served by any other method has 30 days in which to answer or appear after service is complete.

. CCA 1004 provides that the minimum period for return of the motion for summary judgment in lieu of complaint shall be as provided under CCA 402 for answer and appearance in response to a summons, i.e., within 20 days if served by personal delivery, or, if served by an alternate method, within 30 days after proof of the service is filed with the clerk.

. CPLR 3213 permits the court, upon denial, to deem the motion papers the pleadings, unless the court directs otherwise. Here, the plaintiff’s moving papers adequately and clearly set forth the claims and can serve as the functional equivalent of a complaint. However, defendant asserts, as defenses, inter alla, statements in his son’s pleadings and papers in the other actions. The court does not rule on whether these defenses can be asserted by defendant here, or whether they have any merit; that is now premature. However, they are presented in a confusing and vague manner, and make it difficult to determine which specific defenses defendant seeks to assert in this action.