OPINION OF THE COURT
Kenneth L. Gartner, J.
The plaintiffs motion for summary judgment in lieu of complaint pursuant to CPLR 3213, as made applicable to the District Court by Uniform District Court Act § 1004, requires this court to part company with the only prior authority on a point raised.
Plaintiffs motion is not opposed by the defendant, who has defaulted. Nevertheless, the sua sponte review which this court is required to perform reveals two issues which must be addressed concerning (1) the plaintiffs substantive entitlement to the relief sought, and (2) the ability of this court to exercise jurisdiction at all.
The latter issue requires this court to consider whether a defendant’s default on a CPLR 3213 motion where the plaintiff has made “short service” deprives the court of jurisdiction entirely. In the only extant decision directly on point, Kemp v Hinkson (73 Misc 2d 76, 78 [Suffolk Dist Ct 1973]), the court held that the action must be dismissed without prejudice. For the reasons set forth below, this court disagrees.
For reasons also set forth below, this court denies the plaintiffs motion. However, pursuant to CPLR 3213 this court deems the moving papers to be plaintiffs complaint, and declines to dismiss the plaintiffs action.
The plaintiff contends that he is owed a sum of money based on a loan made to the defendant by way of personal check. The plaintiff submits the check as negotiated by the defendant. The plaintiff contends that he demanded repayment from the defendant, who refused.
A plaintiff is entitled to move for summary judgment in lieu of complaint pursuant to CPLR 3213 if his claim is based upon “an instrument for the payment of money only.” A plaintiff moving under CPLR 3213 must demonstrate that the claim is based on a judgment or an instrument itself and proof of *359 nonpayment according to its terms (Seaman-Andwall Corp. v Wright Mach. Corp., 31 AD2d 136 [1st Dept 1968]). If proof outside of the instrument itself is needed to make a case, other than simple proof of nonpayment, the instrument does not qualify (Channel Excavators v Amato Trucking Corp., 48 Misc 2d 429 [Sup Ct, Nassau County 1965]).
In Farca v Farca (216 AD2d 520 [2d Dept 1995]), the Appellate Division determined that a negotiated check did not qualify as an “instrument for the payment of money only” for these purposes, even where the plaintiff had placed on the check a notation “loan due by [date].” (Id. at 521.) The Appellate Division stated that the notation, despite the check’s negotiation by the defendant, “did not unequivocally establish a promise made by the defendant.” (Id.)
In the instant case, the same logic would apply, only more so, since there was no notation. While a negotiated check demonstrates that there was a transfer of funds from the plaintiff to the defendant, it does not by itself demonstrate anything about the circumstances of the transfer. It would be possible to conclude, for instance, that the plaintiff was in fact repaying a debt owed by him to the defendant, rather than making a loan. In the plaintiffs moving papers he fails to offer any documentary evidence that the negotiated check represents a sum due and owing him. Plaintiffs motion must therefore be denied.
The question of whether this court may nevertheless continue to retain jurisdiction over plaintiffs action, or must dismiss it entirely, depends upon resolution of the jurisdictional issue presented.
The “procedure under CPLR 3213 is a hybrid which partakes of elements of both an action and an ordinary notice of motion.” (Flushing Natl. Bank v Brightside Mfg., 59 Misc 2d 108, 109 [Sup Ct, Queens County 1969].) “The moving papers are the functional equivalent of a complaint.” (Plaza 400 Owners Corp. v Resnicoff, 168 Misc 2d 837, 841 [Civ Ct, NY County 1996, Stallman, J.].) Service of the moving papers must thus be made in the same manner as a summons and complaint, and the defendant afforded the same time to answer. (See, CPLR 3213; UDCA 1004, 402.)
In the instant case, service was made by personal delivery. Pursuant to UDCA 402, the defendant therefore had to be given 20 days within which to respond. However, the plaintiffs papers set the return date as only 19 days thereafter.
In Plaza 400 Owners v Resnicoff (168 Misc 2d at 842, supra), Judge Stallman addressed a situation in which the defendant, *360 despite having received short service, appeared and opposed the motion:
“Where, as here, defendant appeared on the merits and does not dispute either the legal sufficiency of the service method or its performance, jurisdiction is not an issue. The court has power to entertain the motion, but must afford the defendant adequate opportunity to prepare and serve a response before it decides the matter.”
What about the situation presented in the instant case, though, where the defendant has not appeared and opposed?
As noted above, the District Court in Kemp v Hinkson (73 Misc 2d 76, supra) held that the action must be dismissed as jurisdictionally defective. In Flushing Natl. Bank v Brightside Mfg. (59 Misc 2d 108, supra), however, the Supreme Court appeared to advocate a different result. Observing (at 109) that CPLR 3213 was “intended to be dispositive of disputes in a more simple, direct and time saving manner,” and that the court should therefore “further this legislative intent without setting up hypertechnical barriers to the end sought by enactment of the statute,” the court held (at 109-110):
“Since it is almost impossible to know when service will be accomplished, selection of a return date may be difficult of computation and the court should exercise discretion by giving defendants sufficient time to answer the moving papers, while retaining jurisdiction.”
In Plaza 400 Owners v Resnicoff (168 Misc 2d 837, 840, n 1, supra), Judge Stallman criticized earlier nisi prius authority, which had described short service in a default situation as “jurisdictional,” as employing “misleading usage.” Judge Stall-man observed that the applicable statutory provisions “do not relate to jurisdiction. Rather, they circumscribe the defendant’s available response time.” (168 Misc 2d at 841-842.) “Accordingly, if service had been completed before the return date, but not sufficiently early to afford the full statutory response time, jurisdiction was already acquired before the beginning of the appearance/answer period.” (168 Misc 2d at 842.)
In the instant case, as in Plaza 400 Owners v Resnicoff, there is no indication that plaintiff attempted to provoke a default. There is no evidence of any other deliberate wrongdoing. And it is undisputed that defendant received the papers well in advance of the return date.
*361 In. view of the above, plaintiffs motion is denied. However, jurisdiction has been established, and the moving papers are therefore deemed a complaint pursuant to CPLR 3213.