*165 OPINION OF THE COURT
Scott Fairgrieve, J.
Plaintiffs motion for an order granting reargument of the prior order dated November 26, 2003 is granted and upon reconsideration the court decides as follows:
Several issues must be resolved:
1. What is the applicable law and time period that a defendant must appear and answer a CPLR 3213 (UDCA 1004) motion in the District Court?
2. Phrased differently, how much time must a plaintiff who brings a motion pursuant to UDCA 1004 (CPLR 3213) give to a defendant who is served pursuant to CPLR 308 (4) to answer and appear?
3. If insufficient time is provided for a defendant to answer and appear, what is the effect of this procedural defect?
4. Does a personal guaranty of a lease qualify an instrument for the payment of money only?
Discussion
Pursuant to Uniform District Court Act § 1004, a CPLR 3213 motion for summary judgment in lieu of a complaint may be employed in the District Court. UDCA 1004 states:
“CPLR § 3213, relating to a motion for summary judgment in lieu of complaint, shall be applicable in this court, except that the minimum period for return of the motion shall be as provided by § 402 of this act for answering a summons, based upon the time and method of service. The summons served with such motion papers shall instruct the defendant to answer as provided in the accompanying notice of motion. If the plaintiff adds days to the period for return provided herein, he may require the defendant to serve a copy of his answering papers upon plaintiff an equal number of days prior to such return day.”
Based upon the above, the minimum period for the return date of a CPLR 3213 motion is set forth by UDCA 402. UDCA 402 (b) states:
“(a) If the summons is personally served within the county on a natural person pursuant to CPLR § 308(1), or on a corporation, pursuant to CPLR § 311(1), it shall require the defendant to appear and answer within twenty days after its service.
*166 “(b) If the summons is served otherwise than as designated in subdivision (a), it shall provide that the defendant must appear and answer within thirty days after proof of service is filed with the clerk.”
Thus, based upon the above, if service is done pursuant to CPLR 308 (2) or (4), then the defendant in responding to the CPLR 3213 motion must be given 30 days after proof of service is filed with the clerk to appear and answer. In the case at bar, the individual defendant was served pursuant to CPLR 308 (4), by “nail and mail” on October 10, 2003, and the corporate defendant was served pursuant to CPLR 311 on October 10, 2003 with the summons and notice of motion for summary judgment in lieu of complaint. Proof of service was filed with the clerk on October 20, 2003.
The return date of the notice of motion for summary judgment in lieu of complaint was scheduled for November 10, 2003. Since only 20 days was provided by the plaintiff between the filing of proof of service and the return date, the time period is insufficient for service upon the individual defendant and the motion for summary judgment in lieu of complaint must be dismissed against the individual defendant, without prejudice.
In Kemp v Hinkson (73 Misc 2d 76 [Suffolk Dist Ct 1973]), the court dismissed the motion for summary judgment in lieu of complaint without prejudice where the service was also done by nail and mail upon a defendant who subsequently defaulted. The court indicated that a default judgment cannot be entered under these circumstances because it is a jurisdictional defect which prevents the entry of a default judgment.
Likewise, in Putnam County Natl. Bank of Carmel v Bischofsberger (82 Misc 2d 915 [Putnam County Ct 1975]), the court refused to enter judgment upon a default where the return date of the motion for summary judgment in lieu of complaint fell short of the statutory requirements.
To the extent that Imbriano v Seaman (189 Misc 2d 357 [Nassau Dist Ct 2001]) and Plaza 400 Owners Corp. v Resnicoff (168 Misc 2d 837 [1996]) may indicate a contrary result, this court respectfully declines to follow these cases. The statutes are quite clear in their mandates for service of a CPLR 3213 motion. Failure to follow these mandates is a jurisdictional defect in a default situation and judgment may not be entered under these circumstances.
Inasmuch as the affidavit of service upon the corporate defendant was facially insufficient, because the affidavit fails to *167 indicate that the summons and complaint was left with a “managing agent” of the corporation, the court’s earlier determination denying plaintiff’s motion for summary judgment against G-IV Wash, Clean & Dry, Inc. and dismissing the action against the corporate defendant is undisturbed. The court makes no order permitting the plaintiff to “re-serve” this defendant, as no such order is required.
Plaintiff also contends that “the Court misapprehended the law because it is well settled in New York that a lease and a personal guarantee qualify as an instrument for the payment of money.” In support of its contention, the plaintiff cites Frontier Leasing Co. v Yalova Serv. Sta., an unpublished case decided by the Supreme Court of Westchester County (Index No. 01080-2). Plaintiff also cites First Interstate Credit Alliance v Sokol (179 AD2d 583 [1st Dept 1992]), wherein the Appellate Division of the First Department affirmed a judgment in favor of the plaintiff based upon an equipment lease and a personal guarantee.
While the court is cognizant that in the Second Department (as in the First Department) an unconditional guarantee may qualify as instrument for the payment of money only within the purview of CPLR 3213 (Council Commerce Corp. v Paschalides, 92 AD2d 579 [2d Dept 1983]; Dubovsky & Sons v Schwartz, 75 AD2d 802 [2d Dept 1980]), the within instrument (wherein the guarantor “guarantees . . . prompt payment and performance of all obligations under the lease”) goes beyond merely guaranteeing payment of money only within the ambit of CPLR 3213 (Associates Capital Servs. Corp. of N.J. v Lichtenstein, 96 AD2d 1089 [2d Dept 1983]; Associated Capital Servs. Corp. of N.J. v Lichtenstein, 94 AD2d 736 [2d Dept 1983]; Dresdner Bank AG. [NY Branch] v Morse/Diesel, Inc., 115 AD2d 64 [1st Dept 1986]).
Moreover, in this department it has repeatedly been held that a lease is not an instrument for the payment of money only within the contemplation of CPLR 3213 (Big K Kosher Dairy Rest. v Gross, 198 AD2d 205 [2d Dept 1993]; Plaza 400 Owners Corp. v Resnicoff, 168 Misc 2d 837 [Civ Ct, NY County 1996]; CPLR 3213; 97 NY Jur 2d, Summary Judgment and Pretrial Motions to Dismiss § 85). For these reasons, plaintiffs request for entry of judgment, pursuant to CPLR 3213 is denied.
*168 The remainder of plaintiffs motion is in all respects denied, as the motion for summary judgment in lieu of complaint is dismissed against both defendants, without prejudice.