OPINION OF THE COURT
Leonard B. Austin, J.
*1024 Plaintiff Robert J. Goldstein moves for summary judgment in lieu of complaint on a promissory note.
Background
Goldstein moves for summary judgment in lieu of complaint. The document upon which Goldstein proceeds appears to be a letter dated August 17, 1999 addressed to Mr. and Mrs. Robert J. Goldstein. The letter reads:
“Please accept this as my promise to repay a total of $87,000 to you at terms and interest to be agreed upon at no less than the current prime rate of interest.
“Yours truly,
“s/
“Louis Saltzman
“President”
Goldstein avers that prior to August 17, 1999, the date of the letter, he loaned to Louis Saltzman various sums over time totaling $87,000. As of April 24, 2006, Saltzman repaid the sum of $6,000. A balance due of $81,000 remains. Goldstein seeks to recover this sum with interest from August 17, 1999.
Discussion
While the purported promissory note raises certain issues including why Mrs. Goldstein is not a named plaintiff, the court need not reach such issues at this time.
CPLR 3213 provides, “The minimum time such motion shall be noticed to be heard shall be as provided by subdivision (a) of rule 320 for making an appearance, depending upon the method of service.” Thus, if service is made by personal delivery to a defendant within New York, the earliest the motion can be made returnable is 20 days after service of the summons, notice of motion and supporting papers. (Siegel, NY Prac § 291 [4th ed]; Siegel, Practice Commentaries, McKinney’s Cons Laws of NY, Book 7B, CPLR C3213:5.)
CPLR 3213 further provides, “If the plaintiff sets the hearing date of the motion later than the minimum time therefor, he may require the defendant to serve a copy of his answering papers upon him within such extended period of time, not exceeding ten days, prior to such hearing date.”
This case presents an issue which is not directly addressed by the statute. How should the court treat a motion for summary *1025 judgment in lieu of complaint where the plaintiff gives the defendant the minimum notice required by statute but demands answering papers 10 days before the return date?
CPLR 3213 is a hybrid procedure incorporating certain elements of an action and certain elements of motion practice. (Flushing Natl. Bank v Brightside Mfg., 59 Misc 2d 108 [Sup Ct, Queens County 1969].)
As with a plenary action, jurisdiction is obtained over the defendant by serving the defendant with the summons, notice of motion and supporting papers in a method prescribed in CPLR article 3. The minimum amount of time the plaintiff must give the defendant to oppose the motion for summary judgment in lieu of complaint is determined by the amount of time the defendant would have to appear in the action if the defendant had been served with a summons and complaint or summons with notice. CPLR 3213 provides, “The minimum time such motion shall be noticed to be heard shall be as provided by subdivision (a) of rule 320 for making an appearance, depending upon the method of service.”
Thus, in a CPLR 3213 motion, the minimum amount of time the plaintiff must give the defendant to appear and oppose the motion is dependent upon the date and method of service. (See, Siegel, NY Prac § 291 [4th ed]; Weinstein-Korn-Miller, NY Civ Prac ¶ 3213.03; Siegel, Practice Commentaries, McKinney’s Cons Laws of NY, Book 7B, CPLR C3213:5.)[1]
In calculating the time in which a defendant may respond, CPLR 3213 diverges from the procedure in a plenary action and begins to resemble motion practice under CPLR article 22. As with motion practice, plaintiff must select a specific return date *1026 on which the motion is to be heard. The notice of motion accompanying the summons must contain the same information as would be contained in a notice of motion served pursuant to CPLR 2214 (a), to wit: the court before which the motion is being made, the relief sought, the date, time and place of the hearing of the motion, and the papers being filed in support of the motion. The only statutory requirement or guidance as to the return date of a CPLR 3213 motion is that the minimum time to appear in the action is based upon the manner of personal service as provided in CPLR 320 (a). (See, n 1.)
As with CPLR article 22 motion practice, a party moving pursuant to CPLR 3213 can demand answering papers be served in advance of the return date.[2] A plaintiff moving for summary judgment in lieu of complaint pursuant to CPLR 3213 may demand answer papers up to 10 days prior to the return date of the motion. A plaintiff seeking to obtain answering papers up to 10 days in advance of the return date must add that number of days to the return date.[3]
When proceeding under CPLR 3213, the plaintiff must pick a return date for the motion when the papers are prepared and action is commenced even though the plaintiff does not know when or how the defendant will be served. Therefore, a plaintiff who proceeds under CPLR 3213 should make certain that the return date of the motion is sufficiently distant from the date of service so that the defendant has adequate time to appear and respond. (See, Siegel, NY Prac § 291 [4th ed]; Siegel, Practice Commentaries, CPLR C3213:5.)
Where the defendant is not given the statutorily required time but appears and opposes the motion on the merits, the court may disregard the short service and decide the merits on the motion. (Flushing Natl. Bank v Brightside Mfg., supra.) By appearing and contesting on the merits, the defendant waives *1027 any issue regarding the adequacy of the notice. (Plaza 400 Owners Corp. v Resnicoff, 168 Misc 2d 837 [Civ Ct, NY County 1996].)
Generally, the failure to give proper notice of a motion deprives the court of jurisdiction to hear the motion. (Bianco v LiGreci, 298 AD2d 482 [2d Dept 2002]; Golden v Golden, 128 AD2d 672 [2d Dept 1987]; Burstin v Public Serv. Mut. Ins. Co., 98 AD2d 928 [3d Dept 1983].) Motion papers must be served in the manner required by the statute. (See, Welch v State of New York, 261 AD2d 537 [2d Dept 1999] [service by certified mail, return receipt requested, when the statute requires service by regular first class mail deprives the court of jurisdiction to hear the motion].) Motion papers must also be served so as to give the nonmoving party the required number of days in which to file opposing papers. (Morabito v Champion Swimming Pool Corp., 18 AD2d 706 [2d Dept 1962] [seven days’ notice as opposed to the 11 days required by the then applicable Civil Practice Act rendered the motion jurisdictionally void].)
When the defendant has not been provided with the statutorily required time in which to answer a motion made pursuant to CPLR 3213, the court lacks jurisdiction to hear the motion, the motion must be denied without prejudice and the action dismissed. (Putnam County Natl. Bank of Carmel v Bischofsberger, 82 Misc 2d 915 [Sup Ct, Putnam County 1975]; Tokyo Leasing [U.S.A.] v G-IV Wash, Clean & Dry, 4 Misc 3d 164 [Nassau Dist Ct 2004]; Kemp v Hinkson, 73 Misc 2d 76 [Suffolk Dist Ct 1973].)[4]
The notice requirement for opposition papers under CPLR 3213, this court believes, most closely resembles motion practice. If a plaintiff wants to receive answering papers in advance of *1028 the return date, then plaintiff must give defendant additional time in which to respond. Plaintiff cannot set the return date of the motion at the minimum time and demand opposition papers 10 days in advance of the return date. Such a determination would be contrary to the express language of CPLR 3213 which provides that if plaintiff allows more than the minimum time for the hearing date of the motion, plaintiff can then demand answering papers up to 10 days prior to the return date of the motion.
In this case, the motion papers were served on Saltzman 21 days prior to the return date of the motion. Plaintiff demanded answering papers 10 days prior to the return date of the motion. The clear language of CPLR 3213 establishes that if Gold-stein wanted to receive answering papers 10 days prior to the return date of the motion, the motion should have been returnable no less than 30 days from the date of service. (See, Siegel, Practice Commentaries, CPLR C3213:6.)
CPLR 3213 gives the plaintiff an option; that is, either make the motion returnable as soon as possible and permit the defendant to file its opposition papers on the return date or demand opposition papers in advance and give the defendant additional time in which to oppose the motion. Plaintiff cannot give defendant the minimum amount of time permitted to oppose the motion and demand opposition in advance. Because Goldstein demanded the service of answering papers 10 days prior to the return date of the motion, Saltzman was not provided with the statutorily required time in which to respond.
Where plaintiff fails to provide the defendant with the statutorily required time to respond, the motion should be denied and the action dismissed. (See, National Bank of Canada v Skydell, 181 AD2d 645 [1st Dept 1992]; Weinstein-Korn-Miller, NY Civ Prac ¶ 3213.02.)
Denial of the motion and dismissal of this action in this case seems to be a harsh result in light of the fact that Saltzman defaulted herein. Nevertheless, adherence to the notice requirements serves to protect the due process rights of parties subject to short-served motions, including CPLR 3213 motions.
Accordingly, it is ordered that plaintiffs motion for summary judgment is denied without prejudice and the action is dismissed.

. If the defendant is a natural person who is served by personal delivery, CPLR 320 (a) gives the defendant 20 days after service to appear in the action.
If, however, the defendant in an action commenced for summary judgment in lieu of complaint is a corporation that is served by delivering a copy of the summons and motion papers upon the Secretary of State as statutory agent for the corporation (Business Corporation Law § 306), the minimum amount of time between service and the return date of the motion is 30 days from the date of service since CPLR 320 (a) gives a corporate defendant served in this manner 30 days to appear.
If the defendant is a natural person who is served pursuant to CPLR 308 (2) or 308 (4), the minimum amount of time between service of the summons and motion papers and the return date is 40 days. CPLR 320 (a) gives a defendant served in this manner 30 days from completion of service to appear. Service is complete 10 days after the affidavit of service is filed with the county clerk.

. CPLR 2214 (b) permits a movant to demand opposition papers at least seven days prior to the return date of the motion. If movant demands opposition papers at least seven days prior to the return date of the motion, the motion must be returnable a minimum of 12 days after the motion papers are served. (See, Siegel, NY Prac § 247 [4th ed].)

. If the plaintiff moves under CPLR 3213 and wants answering papers seven days in advance of the return date of the motion, the motion must be personally served at least 27 days prior to the return date. (See, Siegel, NY Prac § 291 [4th ed].) If plaintiff wants to receive answering papers 10 days in advance of the return date, the motion can be returnable no fewer than 30 days after service is made. (See, Siegel, Practice Commentaries, CPLR C3213:6.)

. The court notes that there is conflicting case law. In Plaza 400 Owners Corp. v Resnicoff (supra) and Imbriano v Seaman (189 Misc 2d 357 [Nassau County Dist Ct 2001]), the respective courts held that the failure to provide the defendant with adequate time in which to answer the motion made pursuant to CPLR 3213 was not jurisdictional. However, the discussion of whether a short service of the motion in Plaza 400 Owners Corp. is dicta since the defendant appeared and opposed the motion both on the merits and on procedural grounds. The decision in Imbriano is based upon the dicta of 400 Plaza Owners Corp. Imbriano and Tokyo Leasing constitute conflicting decisions from the same court. In Imbriano, the short-served motion was submitted without opposition. The Imbriano court chose to deny the motion and treat the motion papers as a complaint. Such an approach raises additional questions. Can the defaulting defendant now interpose an answer? If so, how much time does the defendant have to answer? If the defendant fails to interpose an answer, may the plaintiff move for leave to enter a default judgment?