OPINION OF THE COURT
Francois A. Rivera, J.
By notice of motion filed on June 17, 2009, Mashantucket Pequot Gaming Enterprise (hereinafter MPGE or plaintiff) moves pursuant to CPLR 3213 for summary judgment in lieu of complaint against defendant Ping Lin. Defendant did not appear or submit opposition to the motion.
Background
On June 12, 2009 MPGE filed the instant motion for summary judgment in lieu of complaint to collect a money judgment of the Mashantucket Pequot Trial Court that was based on an instrument for the payment of money only. The affidavit of MPGE’s collection manager, Norberto Gonzalez Jr., alleges the following facts. On July 22, 2007 plaintiff approved defendant’s *218 application for a line of credit in the amount of $60,000 for use at a casino it managed. On December 7 and 9, 2007 the defendant used the full value of the $60,000 line of credit by signing “markers” drawn from Citibank, Las Vegas, Nevada. MPGE honored the “markers” and presented them to Citibank for payment and Citibank dishonored the payments due to insufficient funds. On November 25, 2008 MPGE filed a complaint against the defendant at the Mashantucket Pequot Tribal Court based on defendant’s failure to pay the loan. On December 4, 2008 MPGE served the complaint on the defendant. MPGE obtained a default judgment based on defendant’s failure to appear or answer the complaint before the Mashantucket Pequot Tribal Court.
Motion Papers
Plaintiffs motion consists of the summons, the notice of motion for summary judgment in lieu of complaint, the affidavit of service of these documents, an affirmation of plaintiffs counsel, and an affidavit of plaintiffs collection manager. The affidavit of plaintiffs collection manager references five annexed exhibits numbered attachments 1 through 5. Attachment 1 is described as the defendant’s credit application. Attachment 2 is described as documents from Citibank, Las Vegas, Nevada. Attachment 3 is described as a complaint with the Mashantucket Pequot Tribal Court. Attachment 4 is described as a summons and an affidavit of service of the complaint with the Mashantucket Pequot Tribal Court. Attachment 5 is described as a judgment of the Mashantucket Pequot Tribal Court.
Service of the Motion
Plaintiff made the instant motion returnable on August 10, 2009 with a direction that answering papers be served on or before the 21st day after personal delivery of the summons to the defendant. On June 17, 2009 Timothy M. Botti, MPGE’s process server, signed his affidavit of service of the instant motion before a notary public. He alleged service of the summons, notice of motion for summary judgment in lieu of complaint, and other papers on the defendant as follows. On June 15, 2009 he personally delivered the papers to defendant’s mother at a specific address in Kings County. The next day he sent the papers by first-class mail addressed to the defendant at the same address that he made the delivery to defendant’s mother.
Applicable Statutes
CPLR 308 (2) provides as follows:
*219 “Personal service upon a natural person. Personal service upon a natural person shall be made by any of the following methods:
“1. by delivering the summons within the state to the person to be served; or
“2. by delivering the summons within the state to a person of suitable age and discretion at the actual place of business, dwelling place or usual place of abode of the person to be served and by either mailing the summons to the person to be served at his or her last known residence or by mailing the summons by first class mail to the person to be served at his or her actual place of business in an envelope bearing the legend ‘personal and confidential’ and not indicating on the outside thereof, by return address or otherwise, that the communication is from an attorney or concerns an action against the person to be served, such delivery and mailing to be effected within twenty days of each other; proof of such service shall be filed with the clerk of the court designated in the summons within twenty days of either such delivery or mailing, whichever is effected later; service shall be complete ten days after such filing; proof of service shall identify such person of suitable age and discretion and state the date, time and place of service, except in matrimonial actions where service hereunder may be made pursuant to an order made in accordance with the provisions of subdivision a of section two hundred thirty-two of the domestic relations law.”
CPLR 2214 (a) and (b) provide as follows:
“Motion papers; service; time.
“(a) Notice of motion. A notice of motion shall specify the time and place of the hearing on the motion, the supporting papers upon which the motion is based, the relief demanded and the grounds therefor. Relief in the alternative or of several different types may be demanded.
“(b) Time for service of notice and affidavits. A notice of motion and supporting affidavits shall be served at least eight days before the time at which the motion is noticed to be heard. Answering affidavits shall be served at least two days before such time. Answering affidavits and any notice of cross-motion, with supporting papers, if any, shall be *220 served at least seven days before such time if a notice of motion served at least sixteen days before such time so demands; whereupon any reply or responding affidavits shall be served at least one day before such time.”
CPLR 3213 provides as follows:
“Motion for summary judgment in lieu of complaint. “When an action is based upon an instrument for the payment of money only or upon any judgment, the plaintiff may serve with the summons a notice of motion for summary judgment and the supporting papers in lieu of a complaint. The summons served with such motion papers shall require the defendant to submit answering papers on the motion within the time provided in the notice of motion. The minimum time such motion shall be noticed to be heard shall be as provided by subdivision (a) of rule 320 for making an appearance, depending upon the method of service. If the plaintiff sets the hearing date of the motion later than the minimum time therefor, he may require the defendant to serve a copy of his answering papers upon him within such extended period of time, not exceeding ten days, prior to such hearing date. No default judgment may be entered pursuant to subdivision (a) of section 3215 prior to the hearing date of the motion. If the motion is denied, the moving and answering papers shall be deemed the complaint and answer, respectively, unless the court orders otherwise.”
Discussion
CPLR 3213 is a hybrid procedure incorporating certain elements of an action and certain elements of motion practice (Goldstein v Saltzman, 13 Misc 3d 1023 [Sup Ct, Nassau County 2006], citing Flushing Natl. Bank v Brightside Mfg., 59 Misc 2d 108 [Sup Ct, Queens County 1969]).
“As with a plenary action, jurisdiction is obtained over the defendant by serving the defendant with the summons, notice of motion and supporting papers in a method prescribed in CPLR article 3. The minimum amount of time the plaintiff must give the defendant to oppose the motion for summary judgment in lieu of complaint is determined by the amount of time the defendant would have to *221 appear in the action if the defendant had been served with a summons and complaint or summons with notice” (Goldstein v Saltzman, 13 Misc 3d 1023, 1025 [2006]).
CPLR 3213 provides, “[t]he minimum time such motion shall be noticed to be heard shall be as provided by subdivision (a) of rule 320 for making an appearance, depending upon the method of service.” Thus, in a 3213 motion, the minimum amount of time the plaintiff must give the defendant to appear and oppose the motion is dependent upon the date and method of service (see generally Siegel, NY Prac § 291 [4th ed]).
If the defendant is a natural person who is served pursuant to CPLR 308 (2) the minimum amount of time between the service of the summons and motion papers and the return date is 40 days. CPLR 320 (a) gives a defendant served in this manner 30 days from completion of service to appear. Service is complete 10 days after the affidavit of service is filed with the county clerk.
The affidavit of service of Timothy M. Botti, MPGE’s process server, demonstrates that service was attempted pursuant to CPLR 308 (2). MPGE began the process by personally delivering the papers to defendant’s mother on June 15, 2009 to an address in Kings County. The next day the papers were sent by first-class mail addressed to the defendant at the exact same address that delivery was made to his mother.
To successfully complete service pursuant to CPLR 308 (2), MPGE was required to file the affidavit of service by no later than 20 days of either delivery or mailing, whichever was effected later. In this case the filing had to occur by no later than July 6, 2009, 20 days after June 16, 2009, the mailing date. MPGE did not allege or demonstrate that the affidavit of service had been filed with the clerk of the court. As a consequence, MPGE’s motion must be denied for failing to demonstrate that it completed service of the instant motion papers upon the defendant. Furthermore, if the affidavit was not filed, then service was not completed and defendant’s time to answer the motion never began.
There is another more serious problem with the motion papers. MPGE directed the defendant to serve answering papers on or before the 21st day after personal delivery of the summons. However, MPGE did not personally deliver the instant motion pursuant to CPLR 308 (1). Applying MPGE’s specific direction to the defendant, the defendant’s time to answer is *222 measured from the date of personal delivery to the defendant and not the return date of the motion. The defendant is being directed to serve his answer on MPGE on the date of personal delivery or anytime up to 20 days thereafter.
In accordance with 202.7 of the Uniform Rules for Trial Courts (22 NYCRR) pertaining to the uniform notice of motion form, MPGE should have stated the exact number of days prior to the August 10, 2009 return date that it wanted service of defendant’s answering papers. As a result of the ambiguity created by MPGE’s direction to the defendant and its chosen method of service, the defendant is left to wonder if he should wait for personal delivery before serving his answer or do something else.
The court presumes that by giving a direction to the defendant, MPGE intended to receive the answering papers before the return date or it would have said nothing at all. Due to this ambiguity MPGE cannot demonstrate that it gave the defendant the statutorily required time to appear and respond to the motion. A failure to give the defendant the statutorily mandated time to appear and answer a motion for summary judgment in lieu of complaint compels not only a denial of the motion but also a dismissal of the action (see generally Goldstein v Saltzman, 13 Misc 3d 1023 [2006]; see also Malament v Jong Kim, 22 Misc 3d 1110[A], 2008 NY Slip Op 52622[U] [Sup Ct, Nassau County 2008]).
Therefore, MPGE’s motion for summary judgment in lieu of complaint is denied and the action is dismissed.